In the Matter of the Claim of JOHN HUMBERT, Respondent, against AMERICAN BANK NOTE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier. The Workmen's Compensation Board has found that claimant was injured by falling about thirteen feet from a ladder upon which he was working to a concrete floor. The finding is sustained by the employer's report of injury; the report of the attending physician, the latter being received without oral testimony, the attorney for the appellants stating " I am not taking issue with these reports "; and claimant's testimony. The evidence sustains the findings. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See *post,* p. 1056.]

In the Matter of the Claim of ANNA ZAROIAN, Respondent, against ALUMINUM COMPANY OF AMERICA, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by a self-insured employer from a decision of the State Industrial Board [now Workmen's Compensation Board] awarding death benefits to the widow and minor children of Solomon Zaroian, deceased employee. On November 28, 1942, the deceased employee fell from a platform upon which he was standing which extended from the factory building of the employer to a railroad freight car. This platform was about seven feet from the ground. When the deceased fell he struck his head and body. The Industrial Board found that, because of the fall, deceased sustained fatal injuries. The evidence sustains the finding. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of LILLIAN CONRAD, Respondent, against CHARLES H. VOLLMER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from a decision and award of death benefits made by the Workmen's Compensation Board to claimant as widow. The only question for review is whether the finding that deceased left claimant surviving him as his lawful widow, finds support in the evidence. There is ample evidence of a valid common-law marriage contracted prior to 1933. Decision and award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of LENA H. FELDHEIMER, Respondent, against NATIONAL BISCUIT COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer from a decision of the former State Industrial Board [now Workmen's Compensation Board], reversing a decision of a referee, and determining that a carcinoma of the left breast of claimant was causally related to an accidental injury sustained by her on October 4, 1943. The decisive issue is whether a single trauma was a competent producing cause of the cancer in claimant's breast. There is medical testimony in the affirmative. The objection that the physician, who thus testified, did not express his own opinion is without merit. Decision affirmed, with costs to the Workmen's Compensation Board. All concur.